SMITH, Superintendent of Banks, Respondent, v. BAKER, Appellant.

(227 N. W. 881.)

(File No. 6741. Opinion filed December 10, 1929.)

*H. G. Giddings,* of Mitchell, for Appellant.

*T. B. Thorson,* of Pierre, and *Danforth & Seacat,* of Mitchell, for Respondent.

MISER, C. Appellant was an officer and director of Western State Bank of Mt. Vernon, now insolvent. He was the owner and holder of the promissory note of Stanley Morris, the cashier of and a director in the bank. In order to pay this note, Morris, as cashier, executed and delivered to appellant a certificate of deposit in the usual form. Thereafter appellant indorsed and presented this certificate to the bank and received payment of the amount thereof. When respondent, as superintendent of banks, took charge of the insolvent bank, he brought suit against appellant for the recovery of the amount so paid.

The defense pleaded by appellant was that he owned the note of one May; that he transferred this note to the bank, and in consideration therefor received from the bank the promissory note of Morris, executed and delivered by Morris to the bank and by the bank generally indorsed to appellant; that, when he presented the Morris note to the bank and demanded payment of the bank as indorser, the bank issued to him the certificate of deposit, which it later paid.

On the trial it appeared, and the trial court found, that the bank never owned the Morris note, either before its alleged sale to appellant or after its alleged retransfer by appellant. The defense which was pleaded failed. Appellant contends, however, that, although the certificate of deposit was issued by Morris as cashier in payment of his personal obligation, the bank did not lose thereby, because on that day, as an offset to the certificate issued, there was placed among the assets of the bank the forged note of one Breer, which seven days later, according to the books of the bank, was paid.

On this point the proof shows only that, in the "Breer" account in the bank ledger there was an entry on December 15th in the "Paid" column opposite the description of the "Breer" note of December 8th. This was only one of many notes charged against Breer that were forgeries. Because entries in the "Paid" column balanced this account, it does not follow that the bank was not injured when it cashed a certificate of deposit which, if issued for any consideration at all, which the trial court found it was not, was in violation of section 8982, Rev. Code 1919, and for which appellant, as a director, was liable under section 8957, Rev. Code 1919. But the trial court found, and the proof supports the finding, that the bank received nothing therefor.

The judgment and order are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.